McKEOWN, Circuit Judge,
concurring in part and dissenting in part.
I dissent with respect to the holding that Officer Miskella is entitled to qualified immunity. As the majority agrees, taking Jenna Hall’s version of the facts to be true, as we must, Officer Miskella lacked probable cause to detain Hall under § 5150 of the California Welfare & Institutions Code.
Probable cause is no mystery to police officers and no reasonable officer would have believed or even merely suspected that Hall was a danger to herself. Officers called to the home quickly learned that her gravely sick husband — the reason for the call — was not at risk. There was never any suggestion that Hall needed assistance or was at risk. Case closed. But not so fast — when the officers got ready to leave, Officer Miskella knelt down beside Hall, who was seated peacefully at her computer, and whispered “If you ever need help, don’t hesitate to call me, I’ll be there.” Hall thought he was coming on to her and she retorted sarcastically, “I’d *615 rather kill myself than call you.” As another officer stated in his deposition, this does not sound like “I want to kill myself,” but instead was equivalent to saying “I’d rather die than fly Jet Blue again....” Even under the wildest speculation, Hall’s statement, taken in context, would not support probable cause. Nonetheless, Officer Miskella detained Hall and transported her for psychiatric evaluation.
Recognizing that the officer’s conduct violated a constitutional right, under the test laid out in Saucier v. Katz, 538 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), we next consider whether the right was “clearly established.” “The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.” Id. at 202, 121 S.Ct. 2151. While the Supreme Court has counseled against “defln[ing] clearly established law at a high level of generality,” Ashcroft v. Al-Kidd, — U.S. -, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011), “[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful.” Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Rather, the touchstone of “clearly established law” is whether “[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.” Brosseau v. Haugen, 543 U.S. 194, 199, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (internal citation omitted).
The probable cause test for a § 5150 detention is the same as that for a war-rantless arrest. People v. Triplett, 144 Cal.App.3d 283, 287, 192 Cal.Rptr. 537 (1983). The principle of probable cause is well-defined and meets the standard for “clearly established law” under the factual scenario alleged by Hall. “Probable cause is an objective standard.” United States v. Struckman, 603 F.3d 731, 740 (9th Cir.2010) (internal citation omitted). In the context of a § 5150 detention, probable cause exists if “at the moment the arrest was made ... the facts and circumstances within [the officer’s] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing” that the person detained was a danger to herself or others as a result of mental disorder. Saucier, 533 U.S. at 207, 121 S.Ct. 2151 (quotation marks and internal citation omitted). While “conclusive evidence” is not necessary, “mere suspicion, common rumor, or even strong reason to suspect are not enough.” Torres v. City of Los Angeles, 548 F.3d 1197, 1206-07 (9th Cir.2008) (quotations marks and internal citation omitted). To support probable cause under § 5150, an officer may articulate “behavioral symptoms of mental disorder,” such as “words or actions or emotional affect” that are “bizarre or inappropriate for the circumstances.” Triplett, 144 Cal.App.3d at 288, 192 Cal.Rptr. 537 (finding that an officer’s detention of a woman with a slashed wrist, unsteady movement, and the appearance of intoxication was lawful).
Missing in the probable cause equation here is an articulation of facts and circumstances, known at the time of arrest, that would lead a prudent person to believe that Hall was a danger to herself or others as a result of a mental disorder. Hall’s statement that she would “rather kill [her]self than call [Officer Miskella]” was a flip reply and common sense counsels that she simply had no intention of ever calling Officer Miskella. Hall’s single passing comment was hardly of the nature detailed in Bias v. Moynihan, 508 F.3d 1212, 1220 (9th Cir.2007), where we concluded that the detention of a woman who had written “If I lose this case, I shall kill myself’ in a *616 letter to the judge presiding over her civil case, told the officer following up on the letter that “she would do what she wanted to herself when her case was over,” reported being “very depressed,” and believed a terrorist might kill her, was supported by probable cause. Here, given that three police officers had just paid an unexpected and unwelcome visit to her home and insisted on checking on her ill husband, Hall’s words were neither inappropriate for the circumstances, nor suggestive of mental illness. The contours of the probable cause standard are sufficiently clear to give a reasonable officer fair notice that detaining Hall in the situation Officer Miskella confronted was unlawful. Requiring a more specific and factually more similar precedent, as the majority does, “destroy[s] the balance that our cases strike between the interests in vindication of citizens’ constitutional rights and in public officials’ effective performance of their duties.” Anderson, 483 U.S. at 639, 107 S.Ct. 3034 (quotation marks and internal citation omitted).
I respectfully dissent from dismissal of the 42 U.S.C. § 1983 claim. The material factual dispute merits a trial on this claim.